NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

JAK 09-228

STATE IN THE INTEREST OF

D. A.

**********

APPEAL FROM THE
JEANERETTE CITY COURT
PARISH OF IBERIA, NO. 2116
HONORABLE CAMERON B. SIMMONS, CITY COURT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Billy Howard Ezell, Judges.

**AFFIRMED AS AMENDED; REMANDED WITH INSTRUCTIONS.**

Walter James Senette, Jr.
St. Mary Parish Courthouse
Franklin, Louisiana 70538
Counsel for Plaintiff/Appellee:
State of Louisiana

**Margaret Smith Sollars**
**LA Appellate Project**
**513 Country Club Blvd.**
**Thibodaux, LA 70301-3711**
**(985) 446-2618**
**Counsel for Defendant Appellant:**
**D. A.**

**EZELL, JUDGE.**

The State of Louisiana filed a Petition for Delinquency in Jeanerette City Court charging the juvenile, D.A., with delinquency based on aggravated burglary, in violation of La.R.S. 14:60. On December 20, 2007, the city court held a delinquency proceeding and, thereafter, adjudicated D.A. to be a delinquent child.[1] On January 24, 2008, the court remanded D.A. into the State's custody for one year with a recommendation for non-secure placement with the Office of Youth Development.

D.A. then appealed his adjudication and disposition. In his appeal, D.A. raised the following assignments of error: (1) the evidence was insufficient to support the adjudication; (2) the sentence imposed by the Court was unconstitutionally harsh and excessive; (3) conflict attorneys should have been appointed for the four defendants; (4) error patent was committed when the petition was not certified and the time constraint to answer was not followed.

This court affirmed D.A.'s adjudication and remanded the case with instructions. *State in the Interest of D.A.*, 08-346 (La.App. 3 Cir. 8/29/08), 995 So.2d 11. The city court was instructed to determine whether the juveniles D.A. and D.J. were represented by the same attorney at their disposition hearing and whether there was an actual conflict of interest.

The trial court conducted a hearing on the matter on September 18, 2008. The parties stipulated that D.A. had been represented by John West at the disposition hearing while D.J. had been represented by Shentel Brown, but D.A.'s mother stated she had been confused about who represented D.A. because she had spoken to Ms. Brown about D.A.'s case. After the disposition hearing, the city court modified D.A.'s disposition to suspend the remainder of the sentence and to impose one year

---

[1]Jeanerette City Court exercised its juvenile jurisdiction. La.Ch.Code art. 302(4).

1

of probation with the Office of Juvenile Justice. The city court then ordered D.A. to stay away from the victims and to pay restitution.

D.A. appealed after the remand and raised a new issue contesting the conflict of interest at proceedings other than the disposition hearing. This court ruled that the new issue would not be considered and found the hearing held by the city court to be insufficient as no evidence had been presented; it again remanded the matter with instructions:

> This case is remanded to the city court with instructions that it conduct a full evidentiary hearing within twenty days from the date this opinion is rendered on the issue of whether D.A. and D.J. were represented by the same attorney at the disposition hearing, and if so, whether that attorney labored under an actual conflict of interest. Although remanding for a new evidentiary hearing renders counsel's arguments regarding a conflict of interest at the September 18, 2008 hearing moot, as a precautionary measure, and in the interest of judicial economy, this court orders that counsel outside the IDB be appointed to represent D.A. at the new hearing. The trial court is ordered to prepare and lodge with this court an appellate record containing the transcript of the above-referenced evidentiary hearing within ten days of the hearing. Once the record is lodged, the State and the Juvenile shall be given the opportunity to file briefs should either party wish to raise any issues arising from the hearing. Counsel's claims regarding a conflict of interest at any proceeding other than the evidentiary hearing will not be considered as they are not properly before this court.

*State in the Interest of D.A.*, an unpublished opinion bearing docket number 08-1226 (La.App. 3 Cir. 1/21/09). The instructions required the city court to hold an evidentiary hearing and appoint counsel to represent D.A. from outside the Indigent Defender Board; this court did not reverse city court's ruling on the matter.

The city court conducted a second hearing on the issue on January 29, 2009. The record contains no new ruling on the issue, and information from the Jeanerette City Court Clerk's Office indicates that no action has happened in this case since the January 29, 2009 hearing. D.A. now appeals.[2] This court will not consider the new

---

[2]D.A. does not appeal the determination originally made by the trial court, this court's ruling that did not reverse the determination, or the lack of a subsequent determination by the city court.

arguments D.A. makes as they are not properly before this court.

**STATEMENT OF FACTS**

The evidence introduced at the adjudication proceeding showed that on September 19, 2007, D.A. and three of his friends pushed their way into the Iden home and demanded to know where they kept the guns. The following day, the Idens discovered their home had been burglarized; the only item missing was a nine-millimeter pistol. D.J., one of D.A.'s friends, confessed and implicated D.A. as a principal in the crime; D.J. said D.A. acted as the lookout.

**ERRORS PATENT**

There were three errors patent concerning the D.A.'s disposition. The first error occurred when the city court judge remanded D.A. to the custody of the "State of Louisiana" instead of the Department of Safety and Corrections. The court finds this issue is now moot in light of the September 18, 2008 modification of the D.A.'s disposition.[3] The judge suspended the remainder of the D.A.'s sentence and placed him on supervised probation for one year with the Office of Juvenile Justice, subject to certain conditions. This court will correct the error, by amending D.A.'s original disposition to reflect remand to the custody of the Department of Public Safety and Corrections, instead of the "State of Louisiana" and instruct the city court judge to note the amendment in the court minutes of the original disposition.

Next, there was no indication the city court judge gave D.A. credit for time spent in secure detention, if any, prior to the imposition of disposition, as required by La.Ch.Code art. 898(A). There was no indication that this was done at the subsequent modification of the Juvenile's disposition on September 18, 2008. Thus, this court

---

[3]It appears a recent request for modification has been submitted in D.A.'s case. At the January 29, 2009 evidentiary hearing, the court stated that the Office of Juvenile Justice has filed a request to modify D.A.'s disposition. The matter was not taken up the day of the evidentiary hearing.

amends D.A.'s disposition to give him credit for time served in a secure detention facility before the imposition of disposition, if any, and instruct the city court judge to note the amendment in the custody order and in the minute entry. *See State ex rel. M.M.,* 06-607 (La.App. 3 Cir. 11/2/06), 941 So.2d 716.

Finally, the failure to inform D.A. of the prescriptive period for filing an application for post-conviction relief was also an error. The city court judge is ordered to inform D.A. of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to him within ten days of the rendition of this opinion and to file written proof that D.A. received the notice in the record of the proceedings.

## EVIDENTIARY HEARING

At the January 29, 2009 hearing, D.A. appeared and was represented by counsel. Brook Derouen, who had been the Deputy Clerk of Court handling the juvenile docket, was the first witness to testify. As part of her duties, Ms. Derouen took notes in court and prepared the minutes of court. When there are multiple juveniles involved in a case, the clerk's office notifies the Public Defenders' Office, (hereinafter PDO). As a result, several attorneys appear in court.

In the instant case, Ms. Derouen noticed the possible conflict at the initial hearing in November 2007, which is the same month the PDO received discovery. Ms. Derouen's duties did not require her to determine whether there was a conflict; it was for the PDO to decide. Ms. Derouen stated Shentel Brown, who usually represented the juveniles who came into court, represented all four juveniles at the first hearing.

Ms. Derouen stated the juveniles trial date was December 13, 2007, which is when the conflict was discussed in court. Based on the discussion, the city court moved D.A.'s adjudication to December 20, 2007, but D.J.'s adjudication remained

4

December 13, 2007, with Ms. Brown acting as D.J.'s attorney. John West represented D.A. at his adjudication. Kaye Pitman Clark was also present at D.A.'s adjudication proceeding. Ms. Derouen reported that Mr. West continued to represent D.A. at the January 24, 2008 disposition hearing. Craig Colwart represented D.A. at the September 2008 hearing held pursuant to this court's remand order.

Ms. Brown was the next witness called to testify at the January hearing. Ms. Brown confirmed she was the Juvenile Public Defender for Iberia Parish. Ms. Brown did not recall whether she had spoken to all four juveniles at the November 15, 2007 hearing. She had spoken to all four by phone prior to the December 13, 2007 adjudication date. She found no initial indication of conflict. Ms. Brown was attending a Continuing Legal Education seminar in New Orleans on December 13, 2007, and Ms. Clark appeared in court for Ms. Brown. Ms. Brown confirmed she only represented D.J. at the disposition hearing. She did not speak with D.A. at the disposition hearing.

Ms. Clark testified next. Ms. Clark usually handled felony cases as part of her staff attorney duties at the PDO, but she occasionally handled juvenile conflict cases. Ms. Clark handled the December 13, 2007 hearing due to Ms. Brown's scheduling problem. Ms. Clark appeared solely on D.J.'s behalf. She contacted conflict counsel for the other juveniles, but they did not appear because the hearing was being held late at 7:30 p.m. Ms. Clark did not represent any of the juveniles after December 13, 2007.

Mr. West was the next witness. Mr. West also worked for the PDO as a misdemeanor defender. Mr. West did not remember much about the juvenile cases he had defended; he did not remember D.A.'s name. After looking at his file, Mr. West vaguely remembered D.A.'s name. Mr. West had notes from the January 24,

5

2008 proceeding in M.L.'s file but not in D.A.'s. Mr. West had notes in D.A.'s file for December 20, 2007, January 1, 2008, September 14, 2008, and January 22, 2009. Mr. West represented D.A. at D.A.'s disposition hearing.

Mr. Colwart, the District Public Defender with the PDO, testified as the next witness. Mr. Colwart assigned Ms. Clark to handle D.J.'s adjudication when Ms. Brown had a scheduling conflict. Mr. Colwart had been scheduled to represent D.J., but he had been unable to attend the hearing. The determination that a conflict existed was made by consensus between Mr. Colwart, Ms. Brown, and Mr. West. Mr. Colwart's next contact with the case happened in September 2008, during the first remand by this court. Mr. Colwart also testified that Mr. West represented D.A. at the disposition hearing and that Ms. Brown represented D.J. at the same hearing.

S.R., D.A.'s mother, was the last witness to testify. S.R. had spoken to Ms. Brown regarding D.A.'s case before December 13, 2007, and had spoken to Mr. West a few minutes before D.A.'s adjudication, but she did not remember if she had spoken to Ms. Clark. S.R. stated both she and D.A. were confused by the number of attorneys. S.R. thought Ms. Brown was D.A.'s attorney. S.R. also spoke to Mr. West before D.A.'s January 24, 2008 disposition hearing.

## DISCUSSION

As in D.A.'s second appeal, the assignment of error alleged by D.A. goes beyond the scope of the original assignment of error. The remaining unresolved issue in the original assignment of error was whether D.A. and D.J. had been represented by the same attorney at the January 24, 2008 disposition hearing and, if so, whether there was an actual conflict. D.A.'s current assignment of error concedes that D.A. was represented by a different attorney than the one who represented D.J.

6

D.A. newly asserts, "D.A. experienced actual prejudice during the dispositional hearing when it was not clear who represented him and his alleged counsel did nothing to mitigate his sentence." D.A. argues the conflict occurred when Ms. Brown did not immediately realize D.J. had implicated D.A. in the delinquent act. D.A. contends, out of an abundance of caution, a different attorney should have been appointed to each juvenile at the onset of the delinquency proceedings.

D.A. claims the "tag team" approach the PDO attorneys took in the case confused D.A.'s mother regarding which attorney represented D.A. D.A. urges the minutes of court prepared by the minute clerk cannot be relied on as they show Ms. Brown present at a hearing when she had been absent and they also show that Ms. Clark represented M.L. and N.L. at their December 20, 2007 adjudication when they were represented by Mr. West.

D.A. further alleges that, although Mr. West represented him at the disposition hearing, it had been Ms. Brown who had moved for D.A.'s acquittal, which resulted in further confusion regarding which attorney represented D.A. D.A. maintains his mother thought Ms. Brown represented D.A. D.A. postulates that these actions by Ms. Brown, when coupled with Mr. West's silence, constitute "de facto" representation by Ms. Brown of both D.A. and D.J.

Because the sole purpose of the remand orders in D.A.'s case was to determine whether D.A. and D.J. were represented by the same attorney and, if so, whether there was an actual conflict, the arguments presented in this assignment of error go beyond the scope of this court's remand orders. Therefore, congruent with the ruling in D.A.'s second appeal, D.A. cannot be allowed to now raise claims beyond the scope of this court's remand orders.

7

**EXCESSIVE SENTENCE CLAIM**

In the Juvenile's original appeal, he claimed in his second assignment of error that his sentence is excessive. This issue was not discussed in this court's opinion in light of the fact that the case was remanded for an evidentiary hearing on the potential conflict of counsel issue at the disposition proceeding. The excessive sentence claim, which concerned the original disposition, is moot in light of the fact that the Juvenile's disposition was amended on September 18, 2008.

**CONCLUSION**

This court amends D.A.'s disposition to reflect remand to the custody of the Department of Public Safety and Corrections, instead of the "State of Louisiana" and instructs the city court judge to note the amendment in the court minutes of the original disposition. D.A.'s disposition is also amended to give him credit for time served in a secure detention facility before the imposition of disposition, if any, and the city court judge is instructed to note the amendment in the custody order and in the minute entry. This court orders the city court judge to inform D.A. of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to him within ten days of the rendition of this opinion and to file written proof that D.A. received the notice in the record of the proceedings.

The court further finds that the claims presented in D.A.'s current appeal are not the subject of the remand orders and are not considered as they are not properly before this court.

**AFFIRMED AS AMENDED; REMANDED WITH INSTRUCTIONS.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3 Uniform Rules, Court of Appeals.

8